**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACK STACKHOUSE, | Civil Action No. 11-7554 (ES) |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| PAULA T. DOW, et al., | |
| Defendants. | |

SALAS, DISTRICT JUDGE

Before the Court is Plaintiff Stack Stackhouse's motion for reconsideration[1] of the Court's previous Orders dismissing several of Plaintiff's claims. (D.E. No. 29). For the reasons below, Plaintiff's motion for reconsideration is denied.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case relates to alleged violations of Plaintiff's constitutional rights arising out of his arrests and subsequent prosecutions for robbery in 2005 and carjacking in 2006. (D.E. No. 20 ("Amended Compl.") at 2-10).

On November 21, 2013, the Court dismissed claims against Defendants the Essex County Prosecutor's Office, the Essex County Public Defender's Office, the Newark Police Department, Mayor Cory Booker, Mayor Robert Bowser Paula Dow, Carolyn Murray, Linda Childswift and Anthony Ambrose. (D.E. No. 16 at 8-10). The Court also dismissed Plaintiff's false arrest claim

---

[1] Plaintiff's motion is titled "Rebuttal for Dismissals of Defendants For Failure To State A Claim For Which Relief Can Be Granted." (D.E. No. 29). Having reviewed the motion, however, the Court construes it as a motion for reconsideration.

as time-barred, as well as his false testimony, malicious prosecution, equal protection, and ineffective assistance of counsel claims on the merits. (*Id.* at 10-16).

Thereafter, Plaintiff filed an Amended Complaint, (D.E. No. 20), in which he re-alleged his false arrest and malicious prosecution claims against several Defendants. (*Id.*). The Court again dismissed the false arrest claim as time-barred, but allowed the malicious prosecution claim to proceed against all named defendants. (D.E. No. 23). The instant motion followed, and appears to seek reconsideration of both Orders dismissing his claims. (D.E. No. 29).

## II. DISCUSSION

Local Civil Rule 7.1(i) governs motions for reconsideration in this district, and requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. . . ."

To succeed on a motion for reconsideration, the movant must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). But, "a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." *Fletcher v. St. Joseph Reg'l Med. Ctr.*, No. 10-1499, 2013 WL 3146879, at *3 (D.N.J. June 19, 2013); *see also Warren v. Fisher*, No. 10-5343, 2013 WL 6805668, at *3 (D.N.J. Dec. 20, 2013) ("Reconsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided."). Indeed, "[a] motion for reconsideration is 'an extraordinary remedy to be granted very sparingly.'" *Watkins v. DineEquity,*

*Inc.*, No. 11-7182, 2013 WL 396012, at *2 (D.N.J. Jan. 31, 2013) (quoting *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005)).

Here, Plaintiff has not asserted any specific grounds for reconsideration. Instead, he merely expresses dissatisfaction with the Court's previous decisions. For example, Plaintiff states that he is "truly 'entitled to relief' due to the defendants [sic] deliberate and knowing intentions to wrongfully arrest, imprison and convict the plaintiff of crimes which the evidence presented to the courts clearly show that it is impossible for the plaintiff to have committed any of the crimes indicated herein." (D.E. No. 29 at 2). He further argues that "[t]o deny the plaintiff of any compensation of relief due to the injustice caused by the defendants [sic] deliberate actions towards the plaintiff would be considered as 'criminal & injustice.'" (*Id.* at 3). Plaintiff has failed to point to an intervening change in the controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice. He is simply re-litigating issues already decided by this Court, which is not a valid ground for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("[m]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument"). Because Plaintiff has failed to provide grounds for reconsideration, his motion is denied.

### III. CONCLUSION

Accordingly, IT IS on this 21st day of January 2015,

ORDERED that, Plaintiff's motion for reconsideration, (D.E. No. 29), is DENIED.

/s Esther Salas
**Esther Salas, U.S.D.J.**