<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACK STACKHOUSE, | |
| Plaintiff, | Civil Action No. 11-7554 (ES) |
| v. | OPINION AND ORDER |
| PAULA T. DOW, et al. | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court are motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) by Defendants Richard Warren, Mark Armstead, and Kevin Gilbert, (D.E. No. 36), and Defendant Thomas Koundry, (D.E. No. 40) (collectively, "Defendants").

Plaintiff Stack Stackhouse filed the instant Complaint against eighteen defendants under 42 U.S.C. § 1983 for alleged Constitutional violations stemming from two criminal proceedings initiated against Plaintiff by certain defendants. (D.E. No. 24, Am. Compl.) The Court previously dismissed all counts pursuant to 28 U.S.C. § 1915(e)(2)(B), except for claims of unconstitutional malicious prosecution against the moving Defendants and two other defendants, William Robinson and Epifanio Mendez. (*See* D.E. No. 23). For reasons stated below, the Court grants Defendants' motions.[1]

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

---

[1] Plaintiff also filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (D.E. No. 51). Defendants Robinson and Mendez, who have already filed Answers, opposed the Motion and filed their own cross-Motions for Summary Judgment. (D.E. Nos. 60, 63). In light of the Court's dismissal of the Complaint, these motions will be dismissed as moot.

For the purposes of this Opinion, the Court will accept all facts alleged in the Complaint and Amended Complaint as true, and construe all facts and claims in the light most favorable to Plaintiff.[2]

### A. Plaintiff's Arrest

On February 11, 2006, Plaintiff and his girlfriend, Carla Robinson, were in East Orange, New Jersey, when police officers jumped out of a vehicle, tackled Plaintiff to the ground, and arrested him. (Am. Compl. ¶ 1, 5). Plaintiff was handcuffed and searched, and the officers removed the keys to his apartment from his person. (*Id.* ¶ 3). While he was detained by the officers at the arrest site, a black Suburban car approached. (*Id.* ¶ 4). Individuals inside the vehicle shined a light on Plaintiff for approximately one to two minutes before driving away. (*Id.*). Plaintiff was then taken to the police station and charged with robbery and carjacking of victims L.C. and L.H. (*Id.* ¶ 5). Plaintiff subsequently discovered that L.C. and L.H. were inside the black Suburban, and had attempted to identify whether Plaintiff was their assailant. (*Id.* ¶ 124).

### B. Post-Arrest

Later that night, with the consent of Ms. Robinson, who claimed to live in Plaintiff's apartment, the police searched Plaintiff's apartment and found items belonging to the two victims. (*Id.* ¶¶ 6-7). Police also found items belonging to A.R., the victim of another robbery in Newark

---

[2] All parties submitted exhibits and other materials in support of their motions and oppositions, including Defendants, who inappropriately rely heavily on the fact-findings of the state trial court in the criminal case against Plaintiff. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) ("[W]hile a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004))). The Court will not consider these supporting materials for the purposes of this Opinion.

that was unrelated to the carjacking and occurred on a different date. (*Id.* ¶ 8). Plaintiff was subsequently charged for the robbery of A.R. as well. (*Id.* ¶ 10).

According to the initial police report, A.R. stated that her assailant wore a ski mask or some kind of face covering. (*Id.* ¶¶ 11, 13). As a result, she reported that she would not be able to make a positive identification of her assailant. (*Id.*). Despite this, A.R. was asked to go to the police station to look at a photo array, and she identified Plaintiff as her assailant. (*Id.* ¶¶ 14-15).

Plaintiff also alleges that the police made several false statements that contributed to his indictment and later his conviction. (*Id.* ¶¶ 18-21, 23-24). For example, the police reports from Plaintiff's arrest state that police officers observed Plaintiff attempting to enter the carjacked vehicle prior to his arrest, but Plaintiff claims that such statements are fabricated and untrue. (*Id.* ¶ 21). In addition, Plaintiff disputes statements by police officers that L.C. and L.H. were individually removed from the black Suburban and separately identified Plaintiff as their assailant. (*Id.* ¶ 24). According to Plaintiff, no one entered or exited the black Suburban on the day of his arrest. (*Id.*).

### C. Plaintiff's Trial

Plaintiff was tried in a consolidated trial for the robbery of A.R. and the robbery and carjacking of L.C. and L.H. (*Id.* ¶ 16). Of note, one of the officers testified that fingerprints and DNA were obtained from the carjacked vehicle of L.C. and L.H., but they were not used against Plaintiff. (*Id.* ¶ 25). Nevertheless, the officer stated, "the arrest was already made and that's that." (*Id.*). A.R. also testified at trial and identified Plaintiff as her assailant. (*Id.* ¶ 17). Plaintiff was convicted and sentenced to 35 years in jail. (*Id.* at 2).

On appeal, the Appellate Division reversed Plaintiff's convictions, stating that the trial court erred and prejudiced Plaintiff by holding a consolidated trial for both criminal proceedings,

3

and ordered two separate new trials. (Am. Compl. at 9). Plaintiff claims that prosecutors subsequently decided to drop all charges against Plaintiff in both cases, and Plaintiff was released from prison. (*Id.* ¶¶ 26, 28).

Plaintiff then filed his initial Complaint against the Essex County Prosecutor's Office and several of its employees, the Essex County Public Defender's Office and several of its employees, various public officials, and eight police officers and investigators involved in his prosecutions. (D.E. No. 17-2, Compl., ¶ 78). The six remaining Defendants are certain officers and investigators involved in Plaintiff's criminal proceedings. (*See* D.E. No. 23).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

### III.  DISCUSSON

42 U.S.C. § 1983 provides a cause of action for violations of constitutional rights by a person acting under color of state law. To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim for malicious prosecution brought under § 1983, a plaintiff must satisfy each of the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a

consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). To begin, parties do not dispute the existence of elements (1) and (5); Defendants were active participants in the criminal proceedings initiated against Plaintiff, and those proceedings resulted in Plaintiff's incarceration for an extended period of time. However, Plaintiff's claim must be dismissed because he has not sufficiently pled the element of malice.[3]

"Actual malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Morales v. Busbee*, 972 F. Supp. 254, 261 (D.N.J. 1997) (quoting *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988)). "Legal malice is not limited to motives of hatred or ill will, but may consist of defendant's *reckless* and oppressive *disregard* of plaintiff's rights." *Lippay v. Christos*, 996 F.2d 1490, 1503 (3d Cir. 1993) (citation omitted) (emphasis in original); *see LoBiondo v. Schwartz*, 199 N.J. 62, 94 (2009) ("Legal malice thus contemplated

---

[3]Because Plaintiff has not alleged "malice" with sufficient particularity, the Court does not reach the question of whether Plaintiff has adequately pled "favorable termination" of his criminal proceedings. Although Plaintiff's original convictions were reversed and remanded for new trials, Plaintiff asserts that all charges were dropped by the prosecutors. However, mere dismissal of charges by prosecution is not an indication of innocence required to establish the favorable termination element of a malicious prosecution claim. "[T]o determine whether a party has received a favorable termination in the underlying case, the court considers the *judgment as a whole* in the prior action; . . . the termination must reflect the merits of the action and the plaintiff's innocence of the *misconduct* alleged in the lawsuit." *Kossler*, 564 F.3d at 188 (citations omitted) (emphasis in the original). While a formal dismissal of charges "can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). A formal dismissal of charges is in favor of the accused "only when their final disposition is such as to indicate the innocence of the accused." *Id.* Furthermore, records of Plaintiff's criminal proceedings show that not all charges were in fact dropped. Although prosecution appears to have dismissed the charges stemming from the robbery of A.R., the charges for the robbery and carjacking of L.C. and L.H. were retried. (D.E. No. 45-1 at 4). Plaintiff was found not guilty on an accompanying aggravated assault charge, and the carjacking and robbery charges resulted in a hung jury. (*Id.*). Plaintiff was found guilty of a resisting arrest charge. (*Id.*). As stated above, the Court does not need to determine whether these facts sufficiently allege "favorable termination" because it grants Defendants' motions on other grounds.

consists of the doing of the wrongful act in utter disregard of what the actor knew to be his duty, to the injury of another.") (citation omitted); *Lind*, 67 N.J. at 262 ("On the other hand, one who recklessly institutes criminal proceedings without any reasonable basis should be responsible for such irresponsible action."). Malice may be inferred from a finding that "a defendant has neither probable cause nor a reasonable belief in probable cause." *LoBiondo*, 199 N.J. at 94.

Here, Plaintiff does not plead any facts, beyond mere conclusory statements, that suggest the existence of a malicious intent or motive. The only factual allegation that Plaintiff makes from which Plaintiff asks this Court to rely on to find malice is that he is "a black male with a criminal record," implying that Defendants were motivated by some racial animus. (Compl. at 16). However, that alone is insufficient to establish malice under a malicious prosecution claim. Instead, Plaintiff must allege enough factual allegations for the Court to reasonably infer that Defendants acted with ill-will or spite toward a particular ethnic or racial group, or that they recklessly or oppressively disregarded Plaintiff's rights because of his race, and Plaintiff simply has not done so here. *See Lippay*, 996 F.2d at 1503; *Stroud v. Boorstein*, No. 10-3355, 2014 WL 2115499, at *7 (E.D. Pa. May 20, 2014) ("We also reject Plaintiff's baseless allegation that he was arrested and subsequently prosecuted merely because he is African American. There is no evidence in the record to suggest that there was racial animus on the part of any of these police officers").

Furthermore, a finding of probable cause would preclude a claim of malice in the context of a malicious prosecution, as it provides an independent and valid motive to initiate prosecution. *See Wright v. City of Phila.*, 409 F.3d 595, 604 (2005); *Maultsby v. RIH Acquisitions NJ, LLC*, No. 09-4376, 2011 WL 6779556, at *10 (D.N.J. Dec. 27, 2011); *Stroud*, 2014 WL 2115499, at *7. Here, as the Court noted in its previous opinion, the state court found that there was probable cause

to arrest Plaintiff. (D.E. No. 16 at 11 n. 10). As such, the Court finds that Plaintiff has failed to establish the malice element of the malicious prosecution claim, and thus Plaintiff has failed to state a claim for which relief can be granted.

## IV. CONCLUSION

Accordingly, IT IS on this 24th day of March 2015,

**ORDERED** that, Defendants' motions to dismiss, D.E. Nos. 36 and 40, are GRANTED; it is further

**ORDERED** that all parties' motions for summary judgment, D.E. Nos. 51, 60, and 63, are DISMISSED as moot; it is further

**ORDERED** that the Amended Complaint, D.E. No. 24, is dismissed; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon the parties, and shall close the file.

**SO ORDERED.**

                                                          */s Esther Salas*
                                                          **Esther Salas, U.S.D.J.**